Clement & Murphy
PLLC

April 29, 2025

**VIA ECF**

Patricia S. Dodszuweit, Clerk of Court
U.S. Court of Appeals for the Third Circuit
21400 United States Courthouse
601 Market Street, Philadelphia, PA 19106-1790

      Re:    *Association of New Jersey Rifle and Pistol Clubs, Inc. v. Attorney General*, Nos. 24-2415, 24-2450, and 24-2506

Dear Ms. Dodszuweit:

      The Ninth Circuit's decision in *Duncan v. Bonta* is inconsistent with Third Circuit precedent and wrong on its own terms.

      In *Association of New Jersey Rifle & Pistol Clubs, Inc. v. Attorney General*, this Court held that magazines are "Arms"—a conclusion that applies *a fortiori* to the firearms New Jersey has banned—and that magazines that hold more than ten rounds of ammunition are in common use. 910 F.3d 106, 116-17 (3d Cir. 2018). In *Lara v. Commissioner*, this Court rejected an approach to the Second Amendment's threshold-textual inquiry that is "rigidly limited by eighteenth-century conceptual boundaries." 125 F.4th 428, 437 (3d Cir. 2025). And in *Range v. Attorney General*, this Court, sitting en banc, "reject[ed]" an approach to the historical-tradition inquiry that would "devolve[] authority to legislators to decide whom to exclude from 'the people'" the Amendment protects. 124 F.4th 218, 228 (3d Cir. 2024) (en banc).

      *Duncan* flouts each of those precedents. It held that magazines are not "Arms" even presumptively protected by the Second Amendment. 133 F.4th 852, 867 (9th Cir. 2025) (en banc). *Duncan* reached that startling conclusion by positing that, at the Founding, "a clear distinction was recognized between weapons themselves, referred to as 'arms,' and accessories of weaponry, referred to as 'accoutrements.'" *Id.* Invoking that rigid purported eighteenth-century conception, *Duncan* insisted that only fully functional weapons and components that are "necessary to the ordinary operation of [a] weapon" constitute "Arms" covered by the plain text. *Id.* at 868. Finally, *Duncan* held that states have carte blanche to ban even the most common arms so long as a legislature (or court) concludes that "criminal[s]" put such arms to "especially dangerous uses" that threaten "innocent persons." *Id.* at 876.

      Under this Court's precedents, which faithfully apply the Supreme Court's teachings, none of that passes muster. The critical point is one the *Duncan* dissenters highlighted, and the majority did not dispute: "California points to no historical laws banning the possession of firearms commonly used for self-defense." *Id.* at 893 (Bumatay, J., dissenting). New Jersey does not either. Its sweeping ban on common arms is unconstitutional.

---

706 Duke Street • Alexandria, VA 22314
202.742.8900 • www.clementmurphy.com

April 29, 2025
Page 2 of 2

                        Respectfully submitted,

                        <u>s/Erin E. Murphy</u>
                        Erin E. Murphy

                        *Counsel for Appellants-Cross-Appellees*
                        *Blake Ellman, Thomas R. Rogers,*
                        *Marc Weinberg, and Association of New*
                        *Jersey Rifle and Pistol Clubs*

Cc:  All Counsel of Record