**Clement & Murphy**
PLLC

April 29, 2025

**VIA ECF**

Patricia S. Dodszuweit, Clerk of Court
U.S. Court of Appeals for the Third Circuit
21400 U.S. Courthouse
601 Market Street, Philadelphia, PA 19106-1790

      Re:    *Association of New Jersey Rifle and Pistol Clubs, Inc. v. Attorney General*, Nos. 24-2415, 24-2450, and 24-2506

Dear Ms. Dodszuweit:

    The First Circuit's decision in *Capen v. Campbell* is irreconcilable with both Third Circuit and Supreme Court precedent.

    At the threshold, *Capen* refused to endorse New Jersey's primary argument that the firearms and magazines it has banned fall outside the Second Amendment's text, 2025 WL 1135269, at *6—a position this Court has already correctly rejected, Dkt.30 at 26, 38. And as to tradition, *Capen* "focus[ed]" on general "historical principles," Dkt.58 at 1, which is at odds with *Bruen*, *Rahimi*, and this Court's decision in *Range*—each of which homed in on the mechanics of *how* and *why* laws worked, not high-level concepts like advancing public safety, *N.Y. State Rifle & Pistol Ass'n, Inc. v. Bruen*, 597 U.S. 1, 29-30 (2022); *United States v. Rahimi*, 602 U.S. 680, 698-700 (2024); *Range v. Att'y Gen.*, 124 F.4th 218, 228-31 (3d Cir. 2024) (en banc) (rejecting "high level" approach).

    Worse, *Capen*'s ad hoc inquiry into the *degree* of burden imposed, and its emphasis on the desire to prevent "mass shootings," 2025 WL 1135269, at *6-7, *10, aligns with the *dissent* in *Bruen*, and harkens to the days of impermissible interest balancing, 597 U.S. at 83, 131 (Breyer, J., dissenting). So does its insistence that now-banned-but-common-arms are not *necessary* for self-defense. When the Supreme Court rejected interest balancing, it took "out of the hands of government … the power to decide" what the people really *need* for self-defense. *Id.* at 23 (majority). And *Capen*'s attempt to discount the common-use inquiry altogether, Dkt.58 at 2, contradicts the Supreme Court's repeated holding that the government may not ban arms "typically possessed by law-abiding citizens for lawful purposes," *Heller v. District of Columbia*, 554 U.S. 570, 624-25 (2008); *Bruen*, 597 U.S. at 47.

    Finally, *Capen*'s focus on AR-15s cannot justify the district court's cabined approach here, as even the state agrees that Plaintiffs' "challenge covers other restricted weapons too." Dkt.36 at 15 n.3. At best, *Capen* adds to the few out-of-Circuit decisions that embrace the state's ahistorical, counterfactual, and precedent-defying arguments. It provides no guidance on how to faithfully apply Supreme Court or Third Circuit precedent.

April 29, 2025
Page 2 of 2

Respectfully,

s/Erin E. Murphy
Erin E. Murphy

*Counsel for Appellants-Cross-Appellees Blake Ellman, Thomas R. Rogers, Marc Weinberg, and Association of New Jersey Rifle and Pistol Clubs*

Cc: All Counsel of Record