**Clement & Murphy**
PLLC

September 5, 2025

**VIA ECF**

Patricia S. Dodszuweit
Clerk of Court
U.S. Court of Appeals for the Third Circuit
21400 U.S. Courthouse
601 Market Street, Philadelphia, PA 19106-1790

      Re:    *Association of New Jersey Rifle and Pistol Clubs, Inc. v. Attorney General*, Nos. 24-2415, 24-2450, and 24-2506

Dear Ms. Dodszuweit:

    The Second Circuit's decision in *NAGR v. Lamont* supplies no viable basis to uphold New Jersey's arms bans.

    At the threshold, *Lamont* refused to endorse New Jersey's argument that a ban on common firearms and magazines does not even implicate the Second Amendment, 2025 WL 2423599, at *13—a position this Court has already correctly rejected, Dkt.30 at 26, 38.

    After that, unfortunately, *Lamont* defaulted to the Second Circuit's pre-*Bruen* ways. Despite *Bruen*'s emphatic rejection of a sliding-scale approach that gives states more flexibility if a regulation does not (in judges' view) impair "the core of the Second Amendment right," *New York State Rifle & Pistol Ass'n v. Bruen*, 597 U.S. 1, 18 (2022), *Lamont* adopted a more "nuanced" (by which it meant state-empowering) approach *precisely because* it posited that Connecticut's sweeping bans on common arms "do not impair the core constitutional right [to self-defense]," 2025 WL 2423599, at *14, *22.

    *Lamont*'s lip service to historical tradition fares no better. The court correctly acknowledged that there is no "distinctly similar historical regulation" to support a ban on common arms. 2025 WL 2423599, at *14. It likewise acknowledged that historical concealed or open carry restrictions—like those New Jersey points to—"are" "distinguishable" from possession bans. *Id.* at *14, *22. Yet, under its thumb-on-the-scale ("nuanced") approach, none of that mattered because in its view the arms that millions of law-abiding citizens choose for self-defense and other lawful purposes are "unusually dangerous." *Id.*

    *Lamont* also discarded altogether the Supreme Court's repeated holdings that states cannot ban arms "typically possessed by law-abiding citizens for lawful purposes," *District of Columbia v. Heller*, 554 U.S. 570, 624-25 (2008); *Bruen*, 597 U.S. at 47, dubbing the common-use inquiry a "strain" on "both logic and administrability," 2025 WL 2423599, at *11. And the court insisted that Connecticut may ban common arms because its citizens

September 5, 2025
Page 2 of 2

may still use *other* weapons for self-defense, *id.* at *18, embracing an argument that *Heller* explicitly rejected, 554 U.S. at 629.

 This Court, of course, is bound to faithfully follow Supreme Court precedent. It should do so even if other courts refuse.

       Respectfully,

       s/Erin E. Murphy
       Erin E. Murphy

       *Counsel for Appellants-Cross-Appellees Blake Ellman, Thomas R. Rogers, Marc Weinberg, and Association of New Jersey Rifle and Pistol Clubs*

Cc: All Counsel of Record