# Cooper & Kirk
Lawyers
A Professional Limited Liability Company

David H. Thompson      1523 New Hampshire Avenue, N.W.     (202) 220-9600
dthompson@cooperkirk.com     Washington, D.C. 20036     Fax (202) 220-9601

September 30, 2025

**VIA CM/ECF**
Patricia S. Dodszuweit, Clerk of Court
United States Court of Appeals
   for the Third Circuit
21400 U.S. Courthouse
601 Market Street
Philadelphia, PA 19106

      RE: *Association of New Jersey Rifle and Pistol Clubs, Inc. v. Attorney General*, Nos. 24-2415, 24-2450, and 24-2506

Dear Ms. Dodszuweit:

      The Sixth Circuit's decision in *United States v. Bridges*, 150 F.4th 517 (6th Cir. 2025), supports holding New Jersey's ban on common semiautomatic firearms unconstitutional. *Bridges* held that the federal law prohibiting machinegun possession comports with the Second Amendment, but in so doing, it treated machineguns as within the plain text of the Amendment, explaining that, under *Heller*, a machinegun "is undoubtedly an 'Arm[]' that one can 'keep and bear.'" *Id.* at 524. So too here. *Heller* compels the conclusion that so-called "assault firearms" are "arms" within the plain text because *all* firearms are. *See* Cheeseman Reply & Cross-Resp. Br., Doc. 49 at 5–6 (Feb. 7, 2025) ("Reply").

      Of course, the Supreme Court's precedents hold that an "arm" may still be banned if a valid historical tradition supports it. *Bridges* demonstrates that no tradition does so here. Judge Nalbandian, concurring in part and in the judgment, conducted a fulsome historical analysis and demonstrated that the 19th century laws which restricted Bowie knives and other concealable weapons, as well as the cases upholding those laws, drew a distinction between "dangerous and unusual arms" and "weapons commonly used for lawful purposes," *Bridges*, 150 F.4th at 537 (citation omitted), and if an arm was "both particularly dangerous but also in common use for

lawful purposes … the weapon warranted constitutional protection," *id.* at 540. That analysis refutes New Jersey's claim—based on these same Bowie knife laws—that certain "excessively" dangerous weapons can be banned precisely *because* of their popularity, *see* Reply at 41 ("To the extent these [Bowie knife] laws might be considered constitutional, it is likely because the arms they targeted were, in fact, 'dangerous and unusual.'"), and supports Plaintiffs' claim that if an arm is common, it cannot be banned, full stop, *id.* at 12–13. Indeed, applying this analysis to AR-15s, Judge Nalbandian concluded that because "semiautomatics" are "'commonly available' in many states," that "should shield them [from bans] under the common-use test." *Bridges*, 150 F.4th at 548 (quoting *Garland v. Cargill*, 602 U.S. 406, 430 (2024) (Sotomayor, J., dissenting).

                                      Sincerely,

| | |
|---|---|
| Bradley Lehman | /s/ David H. Thompson |
| WHITEFORD TAYLOR & PRESTON | David H. Thompson |
| 600 N King Street | Peter A. Patterson |
| Suite 300 | William V. Bergstrom |
| Wilmington, DE 19801 | COOPER & KIRK, PLLC |
| (302) 295-5674 | 1523 New Hampshire Ave., NW |
| (302) 295-5678 (fax) | Washington, D.C. 20036 |
| blehman@whitefordlaw.com | (202) 220-9600 |
| | (202) 220-9601 (fax) |
| | dthompson@cooperkirk.com |

*Counsel for Cheeseman Appellants-Cross-Appellees*

cc: All counsel of record via CM/ECF