Clement & Murphy
PLLC

March 11, 2026

**Via CM/ECF**

Patricia S. Dodszuweit
Clerk of Court
U.S. Court of Appeals for the Third Circuit
21400 U.S. Courthouse
601 Market Street
Philadelphia, PA 19106-1790

> Re:    *Association of New Jersey Rifle and Pistol Clubs, Inc. v. Attorney General,*
> Nos. 24-2415, 24-2450, and 24-2506

Dear Ms. Dodszuweit:

On March 5, 2026, the D.C. Court of Appeals held that the District's ban on magazines capable of holding more than 10 rounds of ammunition violates the Second Amendment. *Benson v. United States*, 2026 WL 628772 (D.C. Mar. 5, 2026). In a thorough and decisive opinion spanning over 50 pages, D.C.'s highest court held that "11+ magazines are unquestionably arms" covered by the Second Amendment's plain text, such magazines "are in not only common but ubiquitous use for lawful purposes," and "there is no history or tradition of blanket bans on arms in such common use." *Id.* at *2.

On the threshold issue, the court explained that "[m]agazines of all capacities are … arms covered by the plain text of the Second Amendment" because they plainly "facilitate[] armed self-defense." *Id.* at *7; *see N.Y. State Rifle & Pistol Ass'n v. Bruen*, 597 U.S. 1, 28 (2022). On the common-use issue, the court explained that an instrument that "ranks among the most popular arms possessed by law-abiding citizens" is in "common use" by definition. *Id.* at *9. And on historical tradition, the court rejected reliance on historical laws (a) regarding "trap guns," which "are not bearable arms at all, and … were never particularly common" in any event; (b) restricting the storage of gunpowder, because those laws "did not ban anything (they regulated only how gunpowder was stored) so they are not relevantly similar in 'how' they regulated [arms-bearing] conduct"; and (c) restricting the carrying of Bowie knives, explaining that "no state banned those knives outright, so again the … analogy falls flat when it comes to the 'how' of these historical regulations." *Id.* at *13.

In short, the court held that "[j]ust as handguns cannot be banned because they are 'the most preferred [type of] firearm in the nation,' … the 11+ magazines that tend to accompany them are the most preferred type of magazine and likewise cannot be banned." *Id.* at *11 (quoting *District of Columbia v. Heller*, 554 U.S. 570, 628-29 (2008)).

Ms. Patricia S. Dodszuweit, Clerk of Court
March 11, 2026
Page 2 of 2

Respectfully submitted,

s/Erin E. Murphy
Erin E. Murphy
CLEMENT & MURPHY PLLC
706 Duke Street
Alexandria, VA 22314
(202) 742-8900
erin.murphy@clementmurphy.com

Cc: All counsel of record (*via CM/ECF*)