

*State of New Jersey*
OFFICE OF THE ATTORNEY GENERAL
DEPARTMENT OF LAW AND PUBLIC SAFETY
OFFICE OF THE SOLICITOR GENERAL
PO BOX 080
TRENTON, NJ 08625-0080

MIKIE SHERRILL
*Governor*

DR. DALE G. CALDWELL
*Lt. Governor*

JENNIFER DAVENPORT
*Attorney General*

JEREMY M. FEIGENBAUM
*Solicitor General*

March 18, 2026

**<u>VIA ECF</u>**

Patricia S. Dodszuweit, Clerk of Court
U.S. Court of Appeals for the Third Circuit
21400 United States Courthouse
601 Market Street
Philadelphia, PA 19106-1790

> Re: *FRAP 28(j) Letter in Nos. 24-2415, 24-2450, and 24-2506, ANJRPC v. Attorney General and consolidated cases.*

Dear Ms. Dodszuweit,

This Court should reject the non-binding outlier ruling in *Benson v. United States*, 2026 WL 628772 (D.C. Mar. 5, 2026). In *Benson*, a 2-1 majority of the D.C. Court of Appeals held that LCM restrictions violate the Second Amendment. This decision not only remains subject to *en banc* review, but conflicts with every federal circuit to consider assault weapons and LCM laws. *See OST v. Rhode Island*, 95 F.4th 38, 52 (1st Cir. 2024); *NAGR v. Lamont*, 153 F.4th 213, 236 (2d Cir. 2025); *Bianchi v. Brown*, 111 F.4th 438, 442 (4th Cir. 2024) (en banc); *Bevis v. City of Naperville*, 85 F.4th 1175, 1202 (7th Cir. 2023); *Duncan v. Bonta*, 133 F.4th 852, 869 (9th Cir. 2025) (en banc). Indeed, *Benson* conflicts with a D.C. Circuit decision considering the very same D.C. restriction. *Hanson v. District of Columbia*, 120 F.4th 223, 241 (D.C. Cir. 2024).



For good reason: the 2-1 majority's view that commonly purchased weapons are per se protected runs into five problems. Most problematically under *NYSRPA v. Bruen*, 597 U.S. 1 (2022), and *United States v. Rahimi*, 602 U.S. 680 (2024), it is ahistorical: widespread restrictions on Bowie knives and slungshots came *after* their proliferation caused grave harm. *See* N.J.Br. 47-50; Amicus.Response.16-18. Further, the popularity test produces results the Supreme Court called "startling," *Dist. of Colum. v. Heller*, 554 U.S. 570, 624 (2008): inviolable protection for nearly-200,000 machineguns in circulation, to say nothing of over-500,000 bump stocks. *See* Reply.Br. 12-13; Amicus.Response.4-5; 83 Fed. Reg. 13,442, 13,451 (2018). Neither Plaintiffs nor *Benson* resolve this issue, but this Court lacks that luxury—whatever test it adopts will govern those cases too. Nor does the *Benson* majority address that the test is circular; contrary to the treatment of other constitutional rights; and inconsistent with Supreme Court precedent.

Compared to the six thorough circuit decisions addressing these laws, including this D.C. law, the lack of historical analysis in *Benson* is notable. A proper historical analysis confirms that States can regulate unusually dangerous weapons unsuitable for and disproportionate to the objective of individual self-defense; their authority does not turn on market popularity.

Respectfully submitted,

JENNIFER DAVENPORT
*Attorney General of New Jersey*

By:    */s/ Jeremy M. Feigenbaum*
       JEREMY M. FEIGENBAUM
       *Solicitor General*
       Office of the Attorney General
       25 Market Street
       Trenton, NJ 08625
       (862) 350-5800
       Jeremy.Feigenbaum@njoag.gov

Word Count: 350
cc:  All counsel (via ECF)

