# Cooper & Kirk

Lawyers

A Professional Limited Liability Company

David H. Thompson          1523 New Hampshire Avenue, N.W.          (202) 220-9600
dthompson@cooperkirk.com          Washington, D.C.  20036          Fax (202) 220-9601

June 26, 2026

**VIA CM/ECF**

Patricia S. Dodszuweit, Clerk of Court
United States Court of Appeals
  for the Third Circuit
21400 U.S. Courthouse
601 Market Street
Philadelphia, PA 19106

> RE: *Association of New Jersey Rifle and Pistol Clubs, Inc. v. Attorney General*, Nos. 24-2415, 24-2450, and 24-2506

Dear Ms. Dodszuweit:

The *Cheeseman* Appellants/Cross-Appellees write to inform the Court of the Supreme Court's recent decision in *Wolford v. Lopez*, 609 U.S. ----, 2026 WL 1825723 (June 25, 2026). *Wolford* strongly supports the conclusion that New Jersey's ban on certain semiautomatic firearms is unconstitutional.

*Wolford* definitively rejects the argument that, as a predicate to applying any Second Amendment scrutiny to a challenged arms restriction, Plaintiffs first must demonstrate that the arms they wish to possess are "in common use" or "well-adapted or widely used for self-defense." State Br., Doc. 36 at 13 (Jan. 8, 2025). Rather, in a case like this the *only* predicate question is do the laws at issue "concern any form of 'Arms,' *i.e.*, any weapon customarily used for offensive or defensive purposes?" *Wolford*, at *6. The answer to that question here is beyond dispute, so the Second Amendment presumptively protects possession of the banned arms and the onus is on New Jersey to prove that they are

# Cooper & Kirk

#### Lawyers

Patricia S. Dodszuweit, Clerk
June 26, 2026
Page 2 of 3

"dangerous and unusual." Cheeseman Reply & Cross-Resp. Br., Doc. 49 at 6 (Feb. 7, 2025).

Contrary to New Jersey's argument that "the common-use analysis is part of the Court's threshold inquiry into the scope of the Second Amendment's original right," State Br. at 27, *Wolford* makes clear that such considerations "are out of place at *Bruen*'s first step. At that stage, as we have explained, the question is simply whether a challenged law falls within the Second Amendment's 'plain text.'" *Wolford*, at \*10. New Jersey's argument effectively poses the question to this Court of whether parties "can smuggle additional limits, drawn from our regulatory tradition into the plain-text stage of the inquiry," but "[t]he answer is and always has been no." *Id.* at \*14 n.1 (Barrett, J., concurring); *see also* Cheeseman Pls.' Reply & Cross-Resp. Br. at 5 ("The State … seeks to conflate *Bruen*'s distinct textual and historical inquiries into a single question."). As Justice Jackson made plain in her dissent, applying *Wolford* requires that "at step one, courts must look *only* to the 'plain text' of the Second Amendment." *Wolford*, at \*26 (Jackson, J., dissenting).

Sincerely,

| | |
|---|---|
| Bradley Lehman | /s/ David H. Thompson |
| WHITEFORD TAYLOR & PRESTON | David H. Thompson |
| 600 N King Street | Peter A. Patterson |
| Suite 300 | William V. Bergstrom |
| Wilmington, DE 19801 | COOPER & KIRK, PLLC |
| (302) 295-5674 | 1523 New Hampshire Ave., NW |
| blehman@whitefordlaw.com | Washington, D.C. 20036 |
| | (202) 220-9600 |
| | dthompson@cooperkirk.com |

*Counsel for* Cheeseman *Appellants-Cross-Appellees*

# Cooper & Kirk
### Lawyers

Patricia S. Dodszuweit, Clerk
June 26, 2026
Page 3 of 3

cc: All counsel of record via CM/ECF