

*State of New Jersey*
OFFICE OF THE ATTORNEY GENERAL
MIKIE SHERRILL       DEPARTMENT OF LAW AND PUBLIC SAFETY       JENNIFER DAVENPORT
*Governor*       OFFICE OF THE SOLICITOR GENERAL       *Attorney General*
PO BOX 080
TRENTON, NJ 08625-0080
DR. DALE G. CALDWELL                             JEREMY M. FEIGENBAUM
*Lt. Governor*                                      *Solicitor General*

July 1, 2026

**<u>VIA ECF</u>**

Patricia S. Dodszuweit, Clerk of Court
U.S. Court of Appeals for the Third Circuit
21400 United States Courthouse
601 Market Street
Philadelphia, PA 19106-1790

> Re: *FRAP 28(j) Letter in Nos. 24-2415, 24-2450, and 24-2506, ANJRPC v. Attorney General and consolidated cases.*

Dear Ms. Dodszuweit:

The State informs this Court (though it is doubtless aware) that the Supreme Court granted certiorari in *Viramontes v. Cook County*, No. 25-238, and *Grant v. Higgins*, No. 25-566, to consider challenges to restrictions on "AR-15 platform and similar semiautomatic rifles." The Court appears to be holding a number of petitions involving challenges to restrictions on assault weapons and LCMs pending disposition of these consolidated cases. *NAGR v. Lamont*, No. 25-421 (AR-15 and LCMs); *Duncan v. Bonta*, No. 25-198 (LCMs); *Gator's Custom Guns v. Washington*, No. 25-153 (LCMs). At least one other circuit is too. *See Miller v. Bonta*, No. 23-2979 (9th Cir.), July 1, 2026 Order.

To the degree that this Court does not likewise hold this appeal pending *Viramontes*, Plaintiffs err in arguing that they prevail under *Wolford v. Lopez*,



2026 WL 1825723 (June 25, 2026). *Wolford*, especially alongside *United States v. Hemani*, 2026 WL 1751710 (June 18, 2026), and *United States v. Rahimi*, 602 U.S. 680 (2024), confirms that this Court must search historical treatises and historical practices to identify the relevant underlying "principles"—not to hunt for a perfect twin. *Wolford*, 2026 WL 1825723, *7; *see also id.* at *15 (Barrett, J., concurring) (history allows reviewing courts to "identify the range of permissible regulatory goals and how far States may go to achieve them," ensuring "the end pursued and means deployed" fit broader principles).

Here, every period of our history, from pre-Founding laws, to the Founding-era treatises approving restrictions on "dangerous-or-unusual" weaponry, to restrictions on Bowie knives and/or slungshots, and on to machinegun bans, confirms that States can restrict unusually dangerous weaponry. That unbroken tradition, in which no restriction was invalidated or even questioned, covers the challenged laws—as the Court will consider in *Viramontes*. *Wolford* thus does not upend the consensus among the circuits. And *Wolford* certainly does not endorse a circulation test—a principle with no support from historical treatises and historical practice, and that risks ensuring inviolable protection for machineguns and bump stocks.

The State is happy to submit further supplemental briefing on this score, should this Court decline to hold the case.

<div style="margin-left:40%">

Respectfully submitted,

JENNIFER DAVENPORT
*Attorney General of New Jersey*

By:  */s/ Jeremy M. Feigenbaum*
JEREMY M. FEIGENBAUM
*Solicitor General*
Office of the Attorney General
25 Market Street
Trenton, NJ 08625
(862) 350-5800
Jeremy.Feigenbaum@njoag.gov

</div>

cc: All counsel (via ECF)
Word Count: 350

